IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02101-MEH

AARICA ROMERO,

    Plaintiff,

v.

TOP-TIER COLORADO LLC, d/b/a Huhot Mongolian Grill, and
RICHARD J. WARWICK,

    Defendants.

___

**ORDER ON MOTION TO DISMISS**
___

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [filed December 28, 2016; docket #13]. The Motion is fully briefed, and the Court finds that oral argument will not assist in its adjudication of the Motion. Based on the record herein and for the reasons that follow, the Court **grants** the Motion.[1]

**BACKGROUND**

Plaintiff initiated this lawsuit by filing her Complaint on September 23, 2015, claiming Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, in handling Plaintiff's wages when she worked as a server at Defendant Huhot Mongolian Grill. Complaint, docket #1. Defendant responded with the current Motion, asserting Plaintiff has not properly pled an FLSA minimum wage violation, thus her case should be dismissed. Motion, docket #13.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #22.

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in her Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff worked as a full-time server for Defendant Huhot, a restaurant in Arapahoe County, Colorado, between approximately April 1, 2013, and July 31, 2015.[2] Complaint, docket #1 at 4, 10. Defendant Richard Warwick is a manager of and has an interest in Defendant Huhot, making him also an employer subject to the FLSA. *Id*. at 3.  Defendants did not pay Plaintiff minimum wage. *Id*. at 5.  Instead, they paid her as a tipped employee, imposing a "tip credit" upon Plaintiff at below the minimum wage, as described below. *Id*.

More than 20 percent of the work Plaintiff did in a given workweek involved non-tipped labor that was related to her tipped occupation. *Id*.  Examples of Plaintiff's work in this category included:

> preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

*Id*.  Defendants also required Plaintiff to engage in other non-tipped labor unrelated to her tipped occupation.  *Id*.   Examples of Plaintiff's work in this category included: "preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, [and] breaking down and cleaning the expo line."[3] *Id*.

---

[2]Defendants' Motion specifies Plaintiff worked at the restaurant located in Sheridan, Colorado.  Motion, docket #13 at 3.

[3]Plaintiff's Complaint lists some of these tasks in both categories of work.

2

Defendants required Plaintiff to do such work "before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being 'cut' from serving customers." *Id*.

As a result, Plaintiff argues Defendants should have categorized her differently when she was engaged in non-tipped work, as defined by the "dual jobs" regulation, 29 C.F.R. §§ 531.56(e) and (a) and the U.S. Department of Labor Field Operations Handbook §30d00(e) ("DOL Handbook"), both described below. *Id*. at 6-7. Plaintiff therefore seeks to be paid "overall minimum wage for all time performing such non-tipped, dual occupation labor." *Id*. at 7. She seeks relief based on Defendants' willful violation of the FLSA based on non-tipped labor (1) related to tipped work in excess of 20 percent, and (2) unrelated to tipped work. *Id*. at 10-11.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191 .

## **ANALYSIS**

Legislative history shows that before 1966, the FLSA did not have a provision to deal with tipped employees, which was then added to accommodate partial payment in tips for industries in which that was typical, such as for servers at restaurants. *See* Pub. L. No. 89-601, §§ 101(a), 201(a), 80 Stat. 830, 833 (1966). In adding a tip credit to the FLSA, Congress did not intend to disrupt the restaurant industry's "existing practices with regard to tips." *See* S. Rep. 89-1487, *reprinted in* 1966 U.S.C.C.A.N. 3002, 3014. Initially, Congress set the tip credit as a percentage of minimum wage, but the 1996 FLSA amendments changed the tip credit to a dollar amount of $2.13 per hour. *See* Pub. L. No. 104-188, § 2105, 110 Stat. 1755, 1928-29. As a result, the FLSA allows employers to pay a minimum wage of $2.13 an hour to employees working in a tipped occupation, so long as that employee's tips bridge the difference between the $2.13 hourly cash wage and the federal minimum wage currently set at $7.25 per hour. *See* U.S.C. § 206(a)(1); 29 U.S.C. §203(m). Employers thus are allowed to pay a direct wage of $2.13 per hour, and take a tip credit to fulfil the $7.25 per hour

requirement. *Id*. A tipped employee means "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *See* U.S.C. § 2013(t). Specifically, the tip credit provision of the FLSA states:

> [I]n determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to –
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m).

The DOL has promulgated a regulation to direct employers how to handle employees who work in dual occupations:

> Dual Jobs: In some situations, an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e). The DOL Handbook further provides commentary for employers to determine how much non-tipped work an employee may do before essentially becoming a dual employee and losing the tip credit for the secondary role:

> Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e., maintenance and preparatory or closing activities). For example,

> a waiter/waitress, who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.

DOL Handbook § 30d00(3).

Defendant argues Plaintiff "does not allege that she failed to receive the minimum wage when including the tips she received as a server. Rather, she asserts the novel argument that she was engaged in a 'non-tipped occupation, as defined by the dual jobs regulation 29 C.F.R. § 531.5693) and (a)' and therefore Defendants were prohibited from taking the tip credit for the hours she spent working in a non-tipped occupation." Motion, docket #13 at 1-2 (citing Complaint, docket #1 at 6-7). This position, Defendant argues, relies entirely on the DOL Handbook, "mere commentary by the DOL that is inconsistent with the [FLSA] statute and regulations, and is not persuasive, especially given the DOL's changing interpretation over the years." Motion, docket #13 at 2. Furthermore, Defendant argues the definition of a tipped employee is unambiguous, allowing the tip credit for employees engaged in a "tipped occupation," thus it would be contrary to the statute and regulations to determine that no tip credit could be taken for a server if more than 20 percent of a server's time is spent not directly waiting on tables. *Id.*

Plaintiff responds that courts across the country have granted deference to the DOL Handbook, which clarifies the "patent ambiguity" contained within 29 U.S.C. § 531.56(a), thus this Court should do the same. Response, docket #16 at 1, 6. Further, Plaintiff contends Defendants may not use tips to satisfy the minimum wage requirement for time Plaintiff spent working in a non-tipped occupation. *Id.* at 8.

While the parties spend much of their briefs debating whether the Court should rely on the DOL Handbook, the Court will first address a more fundamental issue raised by Defendant: whether Plaintiff's FLSA claim is properly pled in the first place.

Before getting to the question of the ambiguous or unambiguous nature of the statute, and prior to addressing the issue of deference to the DOL Handbook, Defendant asserts that Plaintiff's lawsuit should be dismissed for failure to state a minimum wage claim under the FLSA, because Plaintiff never alleges that during any particular workweek, the average of her hourly wages (including tips) was less than $7.25 per hour. Motion, docket #13 at 7-9.

Relying on the Handbook, Plaintiff counters that an employer's taking of the tip credit is a privilege that may only be invoked when an employee is working in a tipped occupation, but if the employee works in a non-tipped occupation, her tips may not be counted toward her employer's minimum wage obligations for her time spent in the non-tipped role. Response, docket #16 at 8. Importantly, Plaintiff does not counter the assertion that she was not paid less than the federal minimum wage of $7.25 an hour when including her tips and counting all her hours worked in any one workweek. *See generally* Response, docket #16. Instead, she asserts that Defendants failed to pay her $7.25 per hour for the time that she spent in non-tipped duties both related and unrelated to her tipped occupation as a server. *See* Complaint ¶¶ 26-27, 31, 41-43, 47-49.

As explained above, the FLSA requires that for every workweek, "every employer shall pay to each of [its] employees" the federal minimum wage, except for tipped employees, who receive $2.13 an hour, with the remainder of their minimum wage (currently $7.25 per hour) being essentially bridged by customer tips. *See* U.S.C. § 206(a)(1), § 203(m), and §203(t). The Supreme Court has stated that in order for an employment practice to violate the FLSA, the FLSA must

7

prohibit that practice. *Christensen v. Harris Cty*. 529 U.S. 576, 588 (2000). The FLSA creates a private right of action against any employer who violates § 206 (the minimum wage requirement) or § 207 (the overtime compensation requirement). *See* 29 U.S.C. § 216(b) (permitting an employee to recover from his or her employer the amount of their unpaid minimum wages or their overtime compensation). In ruling on cases regarding the FLSA, the Supreme Court has emphasized the importance of companies paying an employee's minimum wage on a weekly basis. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (explaining "employees receiving less than the statutory minimum are not likely to have sufficient resources to maintain their efficiency and well-being"); *see also Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981).

While the Tenth Circuit has not specifically addressed this issue, the Court's research into the landscape of the law nationwide leads it to the conclusion that whether Plaintiff is able to state an FLSA minimum wage violation depends on her total pay earned for the workweek divided by the total number of hours worked in that same week. In the seminal case *United States v. Klinghoffer Bros. Realty Corp*., 285 F.2d 487 (2d Cir. 1961), the court held that "all that is necessary" for a defendant to comply with FLSA is to show the total wage paid to an employee in a given week divided by the total hours worked that week results in an income that exceeds the minimum wage. *Id*. at 490. The Ninth Circuit concurred, affirming the district court's decision to reject a minimum wage claim in which the employee's salary, "when averaged across their total time worked" for the week, exceeded the minimum wage. *Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999). Other circuits have held similarly. *See, e.g., Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *Dove v. Coupe*, 759 F.2d 167, 172 (D.C. Cir. 1985); *Blankenship v. Thurston Motor Lines*, 415 F.2d 11993, 1198 (4th Cir. 1969). *But see Hart v. Crab Addison, Inc.*,

No. 13-cv-6458-CJS, 2013 WL 5465480, at *5, (W.D.N.Y. Oct. 28, 2015)

More recently, a series of cases in U.S. District Court in the District of Arizona have held similarly, dismissing claims strikingly similar to those brought in this case (and brought by the same plaintiffs' counsel) on the basis of failure to plead an FLSA claim because the plaintiffs were paid minimum wage. *See Richardson v. Mountain Range Rests. LLC*, No. CV-14-1370-PHX-SMM, 2015 WL 1279237, (D. Ariz. Mar. 20 2015); *Montijo v. Romulus, Inc.*, Nos. Cv-14-264-PHX-SMM, CV-14-265-PHX-SMM, CV-14-464-PHX-SMM, 2015 WL 1470128 (D. Ariz. Mar. 30, 2015).

Again relying on the DOL Handbook, Plaintiff argues *Klinghoffer* requires an employer's minimum wage obligations must be paid "by the employer, which means the tips earned by an employee working in a tipped occupation may not be counted toward his employer's minimum wage obligations for time during which he worked in a non-tipped occupation." Response, docket #16 at 8. The Court is not persuaded when reviewing that quote in context:

> If the total wage paid to each guard in this case during any given week is divided by the total time he worked that week, the resulting average hourly wage exceeds $1.00 for every week and every guard involved. We believe this is all that is necessary to meet the requirements of [§] 206(a). The Congressional purpose underlying that section was to guarantee a minimum livelihood to the employees covered by the Act. Payment at intervals shorter than weekly is unusual and is not necessary to enable the employees to meet their customary obligations. Accordingly, the Congressional purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.

*Klinghoffer*, 285 F.2d at 490. Plaintiff also cites *Hart*, 2013 WL 5465480, at *5, for the proposition that the tips belonged to the plaintiffs and were thus "not paid by the employer." Response, docket #16 at 9. There, the court noted:

> [W]here a pleading plausibly alleges that an employee in a tipped occupation also worked at an untipped dual job, or performed related untipped duties more than 20%

9

> of a workweek, and the employer claimed the tip credit for all hours worked, the pleading states a minimum wage tip-credit claim without more, since the employer cannot take the tip credit *at all* for hours spent performing a dual job or spent performing related untipped work that comprised more than 20% of a workweek.

*Hart*, 2013 WL 5465480, at *5. However, that court's holding relied on the DOL Handbook's commentary on the statute (and in fact cited the Handbook for the above proposition), which this Court finds it need not reach as Plaintiff has failed to state a claim at the statutory level of the FLSA, which is the proper initial question to address per *Christensen* and pursuant to 29 U.S.C. § 216(b). Additionally, the Court is persuaded that the FLSA requires an employer to make up the difference if his or her tipped employee earns less than the minimum wage. *See* 29 U.S.C. § 203(t). In contrast, logically, if the tipped employee makes enough to meet the minimum wage, the employer need not make up any difference.

Recognizing that there are cases going both ways, the Court is more persuaded by those that have focused on the clear language of the statute. *See Zuber v. Allen*, 396 U.S. 168, 192 (1969) ("The agency's interpretation is inconsistent with congressional intent, the plain language of the regulation, and its own prior administrative interpretations. The court is not forced to ignore the manifest weight of evidence supporting a contrary construction for the agency's preferred interpretation 'is only one input in the interpretational equation.'"); *see also United States v. Husted*, 545 F.3d 1240, 1245 (10th Cir. 2008) ("When a statute is unambiguous, however, we must apply its plain meaning except in the rarest of cases; after all, there can be no greater statement of legislative intent than an unambiguous statute itself.") Taking such instruction, the Court concludes that by earning more than the minimum wage every week she worked at the restaurant, Plaintiff does not state an FLSA claim, and her case must be dismissed.

## **CONCLUSION**

In sum, the Court finds the Plaintiff has failed to state a plausible claim under the FLSA, because she received minimum wage in every workweek she was employed by Defendants. Accordingly, based upon the foregoing and the entire record herein, the Court **grants** Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [filed December 28, 2016; docket #13].

Entered and dated at Denver, Colorado, this 9th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge