IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02101-RM-MEH

AARICA ROMERO,

     Plaintiff,

v.

TOP-TIER COLORADO LLC, d/b/a Huhot Mongolian Grill, and
RICHARD J. WARWICK,

     Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Plaintiff's Motion to Reconsider ("Motion") [filed February 11, 2016; docket #26]. The matter is briefed to the extent required by law, and the Court finds that oral argument will not assist with adjudication of the Motion.[1] For the reasons that follow, Plaintiff's Motion is **denied**.[2]

## I.    Background

     Plaintiff initiated this lawsuit by filing her Complaint on September 23, 2015, claiming Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., in handling Plaintiff's wages when she worked as a server at Defendant Huhot Mongolian Grill. Complaint,

---

[1]Because Plaintiff's Motion essentially reiterates arguments made in her response to Defendant's motion to dismiss – and already fully briefed – the Court decides this Motion with no response from Defendant pursuant to D.C. Colo. LCivR 7.1(d).

[2]Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C. Colo. LCivR 72.2, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #22.

docket #1.  Defendant responded with a motion to dismiss, asserting Plaintiff did not properly plead

an FLSA minimum wage violation, thus her case should be dismissed.  Motion to Dismiss, docket

#13.  On February 9, 2016, after the parties had fully briefed the matter, the Court granted the

motion.  Order, docket #24.  The present Motion followed.  Motion, docket #26.

## II.    Discussion

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."  *Van Skiver*

*v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Nevertheless, "motions for reconsideration are

routinely entertained in one form or another, by federal courts."  *U.S. ex rel. Superior Steel*

*Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D.

Colo. Aug. 10, 2012) (unpublished).  The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the
> controlling law, (2) new evidence previously unavailable, and (3) the need to correct
> clear error or prevent manifest injustice. Thus, a motion for reconsideration is
> appropriate where the court has misapprehended the facts, a party's position, or the
> controlling law. It is not appropriate to revisit issues already addressed or advance
> arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff argues the Court "did not evaluate all relevant authority in deciding Defendant's Motion,"

and "did not apply the appropriate legal standards for pleading a 'dual jobs' FLSA minimum wage

claim."  *Id*. at 2.  Plaintiff therefore requests the Court: "(1) reconsider its holding on the viability

of Plaintiff's wage claim and reverse itself; (2) acknowledge that wages paid cannot include tips in

excess of the requisite tip credit amount; and/or (3) rule on the applicability of deference owed to

[the Department of Labor's] ambiguous regulation []."  *Id*. (citations omitted).

Plaintiff's Motion essentially reiterates and expands upon arguments fully briefed in her

Response to Defendant's Motion to Dismiss.  *Cf., e.g.*, Motion, docket #26 at 3-4, *with* Response,

docket #16 at 8-10.   Plaintiff's current Motion in particular expounds upon the decision in *Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960), which this Court reviewed thoroughly and discussed in its Order.   *See* Order, docket #24 at 8.   Plaintiff's Motion, which also further cites to additional sources also now reviewed by this Court, insists the Court must reconsider its Order as it is required to reach these issues: Plaintiff's alleged dual-job status, the ambiguity or unambiguity of the regulations, and the deference that should be given to the DOL Handbook.   *See generally* Motion, docket #26.   However, this Court's extensive analysis of the statute and case law both cited and omitted by the parties led it to the conclusion that those issues need not be reached, because Plaintiff failed to state a claim at the statutory level by earning more than minimum wage in every week she worked for Defendants.   Order, docket #24 at 10.   While Plaintiff disagrees, she presents no compelling authority to lead this Court to a new conclusion.

The Court concludes Plaintiff has failed to demonstrate sufficient justification for reconsideration of the Order on Defendant's motion to dismiss.

## III.   Conclusion

Based on the entire record and for the reasons stated above, the Plaintiff's Motion to Reconsider [filed February 11, 2016; docket #26] is **denied**.

Ordered and dated at Denver, Colorado, this 16th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge